UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Lynn Hewitt and Daniel Hewitt,<br><br>    Plaintiffs,<br><br>v.<br><br>Autovest, LLC,<br><br>    Defendant. | Civil File No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Daniel Hewitt is a natural person who lives in Douglas County, Minnesota. Mr. Hewitt is a retired disabled combat veteran. Mr. Hewitt is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Plaintiff Lynn Hewitt is a natural person who lives in Douglas County, Minnesota.  Mrs. Hewitt is an immigrant from the Philippines who, until a recent injury, worked in a packing plant.  Mrs. Hewitt is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Autovest, LLC ("Autovest") is a Limited Liability Company headquartered in Southfield, Michigan.  Autovest is in the business of acquiring and attempting to collect on consumer debts, including debts arising out of the sale of automobiles to consumers.  Autovest is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Despite engaging in debt collection activity in Minnesota, Autovest does not hold the required license from the Minnesota Department of Commerce, nor is Autovest registered with the Minnesota Secretary of State to do business in Minnesota.

## FACTS

8. In November 2007, the Hewitts incurred a financial obligation in connection with the sale of goods.  At that time, they bought a 2006 Chevrolet Cobalt from Automaxx, an automobile dealer based in Alexandria, Minnesota.  The sale was effectuated pursuant to a Retail Installment Contract and Security Agreement.

9. The Agreement defined the Hewitts as "Buyers" and Automaxx as "Seller."

10. This obligation was incurred primarily for personal, family, or household purposes and is therefore a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

11. In the fall of 2008, the car was repossessed and sold.

12. Subsequently, the alleged deficiency balance following the sale was charged off.

13. The last payment on the car was made several months before the repossession, in the spring of 2008.

14. More than six years after the last payment on the account, Autovest commenced a lawsuit against the Hewitts by serving them with a Summons and Complaint on or about July 16, 2014.

15. In the lawsuit, Autovest claimed to be the successor in interest to entities who had held the Hewitts' alleged obligation arising out of the sale of the Chevrolet.

16. Because Autovest's lawsuit arose out of a contract for a sale of goods, it was governed by the four-year statute of limitations set forth in the Uniform Commercial Code, Minn. Stat. § 336.2-725.

17. Autovest's lawsuit was therefore time-barred as a matter of Minnesota law.

18. Moreover, even if the applicable statute of limitations were six years, Autovest's lawsuit would nevertheless have been time-barred, because it was commenced more than six years after the last payment on the account.

19. Nevertheless Autovest, through its attorneys, used the existing lawsuit as leverage to extract some payments from the Hewitts. Such payments did not change the fact that the lawsuit was time-barred.

20. In conversation with representatives of Autovest's attorneys, Mr. Hewitt raised the issue of the statute of limitations, and was falsely informed that there was no statute of limitations bar to Autovest's case.

21. Attempting to use litigation to collect on the time-barred debt, Autovest filed the lawsuit on July 2015 in the Douglas County District Court, where it was assigned Court File Number 21-cv-15-1179.

22. In the Complaint filed with the Court in July 2015, Autovest sought to recover from the Hewitts the alleged principal deficiency balance of $12,181.27, "plus interest in the amount of $10,326.10 from and before March 29, 2014, plus interest at the rate of 17.15% per annum from and after March 29, 2014."

23. Thus, Autovest sought to double its time-barred claim against the Hewitts through the addition of exorbitant interest accruing following the charge-off on the account.

24. Autovest was not entitled to post charge-off interest because such interest was waived by Autovest's alleged predecessor in interest.

25. Nevertheless, Autovest refused to waive the interest and extracted interest payments from the Hewitts after commencing the lawsuit.

26. Autovest has a pattern and practice of suing Minnesota consumers on time-barred debts arising from contracts for the sale of automobiles.

27. Autovest has a pattern and practice of suing Minnesota consumers for exorbitant post charge-off interest that has been waived by its alleged predecessors.

28. Autovest is successful in the vast majority of such cases, because consumers (who cannot afford attorneys and do not understand the laws governing statutes of limitation and of waiver) default, or they succumb to pressures by Autovest's counsel by agreeing to payment arrangements, including signing confessions of judgments for time-barred claims.

## TRIAL BY JURY

29. Daniel and Lynn Hewitt are entitled to and hereby respectfully demand a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

30. Daniel and Lynn Hewitt incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

31. The foregoing acts and omissions by Autovest constitute multiple violations of the FDCPA.

32. Specifically, Autovest violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10) by falsely representing the character, amount, or legal status of the alleged debt, threatening to take action that cannot legally be taken, and using a false representation or deceptive means to collect a debt.

33. In addition, Autovest violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect, and by actually collecting, an amount not authorized by the agreement or permitted by law.

34. As a result of Autovest's violations of the FDCPA, the Hewitts are entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Daniel and Lynn Hewitt pray that judgment be entered against

Autovest, LLC as follows:

    a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)2)(A);

    c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. For such further and other relief as may be just and proper.

DATED:  December 29, 2015

By:  /s James R. Mayer
Darren Brayer Schwiebert (#260642)
dschwiebert@mayerbrayer.com
James R. Mayer (#312241)
jmayer@mayerbrayer.com
Mayer Brayer LLP
Butler Square Suite 445A
100 North Sixth Street
Minneapolis, MN 55403

Attorneys for Plaintiffs Daniel and Lynn Hewitt